UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
BRIAN ROFFE PROFIT SHARING PLAN, *et al.*,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

   - against -

FACEBOOK, INC., *et al.*,

        Defendants.
------------------------------------- x

12 Civ. 4081 (RWS)

<u>CLASS ACTION</u>

MAREN TWINING, individually and on behalf of
all others similarly situated,

        Plaintiff,

   - against -

FACEBOOK, INC., *et al.*,

        Defendants.
------------------------------------- x

12 Civ. 4099 (RWS)

<u>CLASS ACTION</u>

IRVING S. BRAUN, individually and on behalf of
all others similarly situated,

        Plaintiff,

   - against -

FACEBOOK, INC., *et al.*,

        Defendants.
------------------------------------- x

12 Civ. 4150 (RWS)

<u>CLASS ACTION</u>

*(Captions continue on following pages)*

**DEFENDANTS' MEMORANDUM OF LAW
<u>IN RESPONSE TO PLAINTIFFS' MOTIONS FOR CONSOLIDATION</u>**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ALEXIS ALEXANDER, et al., individually and on  :
behalf of all others similarly situated,       :
                                               :
               Plaintiffs,                     :   12 Civ. 4157 (RWS)
                                               :
        - against -                            :   CLASS ACTION
                                               :
FACEBOOK, INC., et al.,                        :
                                               :
               Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DOUGLAS M. LIGHTMAN, individually and on       :
behalf of all others similarly situated,       :
                                               :
               Plaintiff,                      :
                                               :   12 Civ. 4184 (RWS)
        - against -                            :
                                               :   CLASS ACTION
FACEBOOK, INC., et al.,                        :
                                               :
               Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KATHY REICHENBAUM, individually and on         :
behalf of all others similarly situated,       :
                                               :
               Plaintiff,                      :   12 Civ. 4194 (RWS)
                                               :
        - against -                            :   CLASS ACTION
                                               :
FACEBOOK, INC., et al.,                        :
                                               :
               Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LAWRENCE CORNECK, individually and on      :
behalf of all others similarly situated,    :
                                            :
                Plaintiff,                  :
                                            :
        - against -                         :  12 Civ. 4215 (RWS)
                                            :
MORGAN STANLEY & CO. LLC, J.P. MORGAN       :  CLASS ACTION
SECURITIES LLC, and GOLDMAN, SACHS &        :
CO.,                                        :
                                            :
                Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JUSTIN F. LAZARD, individually and on behalf of :
all others similarly situated,                  :
                                                :
                Plaintiff,                      :
                                                :
        - against -                             :  12 Civ. 4252 (RWS)
                                                :
FACEBOOK, INC., et al.,                         :  CLASS ACTION
                                                :
                Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SYLVIA GREGORCZYK, individually and on    :
behalf of all others similarly situated,   :
                                           :
                Plaintiff,                 :  12 Civ. 4291 (RWS)
                                           :
        - against -                        :  CLASS ACTION
                                           :
FACEBOOK, INC., et al.,                    :
                                           :
                Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PETER BRINCKERHOFF, individually and on          :
behalf of all others similarly situated,         :
                                                 :
                Plaintiff,                       :
                                                 :  12 Civ. 4312 (RWS)
        - against -                              :
                                                 :  CLASS ACTION
FACEBOOK, INC., et al.,                          :
                                                 :
                Defendants.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DAVID GOLDBERG, et al., individually and on      :
behalf of all others similarly situated,         :
                                                 :
                Plaintiffs,                      :
                                                 :  12 Civ. 4332 (RWS)
        - against -                              :
                                                 :  CLASS ACTION
FACEBOOK, INC., et al.,                          :
                                                 :
                Defendants.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RICHARD P. EANNARINO, individually and on        :
behalf of all others similarly situated,         :
                                                 :
                Plaintiff,                       :  12 Civ. 4360 (RWS)
                                                 :
        - against -                              :  CLASS ACTION
                                                 :
FACEBOOK, INC., et al.,                          :
                                                 :
                Defendants.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
------------------------------------- x
HOWARD SAVITT, individually and on behalf of   :
all others similarly situated,                 :
                                               :
                Plaintiff,                     :
                                               :   12 Civ. 4648 (RWS)
        - against -                            :
                                               :   CLASS ACTION
FACEBOOK, INC., et al.,                        :
                                               :
                Defendants.                    :
------------------------------------- x
EUGENE STRICKER, individually and on behalf of :
all others similarly situated,                 :
                                               :
                Plaintiff,                     :
                                               :
        - against -                            :   12 Civ. 4763 (RWS)
                                               :
MORGAN STANLEY & CO. LLC, J.P. MORGAN           :   CLASS ACTION
SECURITIES LLC, and GOLDMAN, SACHS &           :
CO.,                                           :
                                               :
                Defendants.                    :
------------------------------------- x
KEITH WISE, et al., individually and on behalf of :
all others similarly situated,                 :
                                               :
                Plaintiffs,                    :
                                               :   12 Civ. 4777 (RWS)
        - against -                            :
                                               :   CLASS ACTION
FACEBOOK, INC., et al.,                        :
                                               :
                Defendants.                    :
------------------------------------- x
```

**DEFENDANTS' MEMORANDUM OF LAW
IN RESPONSE TO PLAINTIFFS' MOTIONS FOR CONSOLIDATION**

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ................................................................................................. ii

BACKGROUND ................................................................................................................... 2

ARGUMENT ......................................................................................................................... 6

      A.      The Court Should Defer Decision on Plaintiffs' Motions ..................................... 6

      B.      At the Appropriate Time, the Securities Act Actions Should Be
             Consolidated with the Section 20A Actions ........................................................ 8

CONCLUSION ..................................................................................................................... 12

## TABLE OF AUTHORITIES

PAGE

**Cases**

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) ................................................................. 9, 11

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ................................................................................ 9

*Chacanaca v. Quaker Oats Co.*,
  No. 10 Civ. 0502, 2011 WL 441324 (N.D. Cal. Feb. 3, 2011) ................................. 7

*Cieszkowska v. Gray Line N.Y.*,
  295 F.3d 204 (2d Cir. 2004) ..................................................................................... 11

*Deangelis v. Corzine*,
  No. 11 Civ. 7866 (VM), 2012 WL 1948847 (S.D.N.Y. May 21, 2012) ................... 7

*In re Caesars Palace Sec. Litig.*,
  360 F. Supp. 366 (S.D.N.Y. 1973) ............................................................................ 8

*In re Gen. Elec. Sec. Litig.*,
  No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ............. 6, 8, 9

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) ..................................................................................... 6

*Waldman v. Vill. of Kiryas Joel*,
  207 F.3d 105 (2d Cir. 2000) ..................................................................................... 10

*Weisz v. Calpine Corp.*,
  No. 02 Civ. 1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) .......................... 9

**Statutes and Rules**

15 U.S.C. § 77z-1(a)(3)(B)(ii) ........................................................................................ 8

15 U.S.C. § 78u-4(a)(3)(B)(ii) ........................................................................................ 8

Fed. R. Civ. P. 42(a) ........................................................................................................ 6

Defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC and Goldman, Sachs & Co. (the "Lead Underwriter Defendants") and (to the extent named in the above-captioned actions) defendants Facebook, Inc., Mark Zuckerberg, David A. Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings and Peter A. Thiel (together with the Lead Underwriter Defendants, "Defendants") respectfully submit this memorandum of law in response to Plaintiffs' July 23, 2012 motions in the above-captioned proposed class actions for consolidation, appointment of lead plaintiff and approval of lead counsel ("Plaintiffs' Motions").

The above-captioned actions assert claims on behalf of purchasers of the common stock of Facebook, Inc. in connection with its May 18, 2012 initial public offering (the "Facebook IPO"). Similar class actions relating to the Facebook IPO are also pending before the Federal District Court for the Northern District of California (the "NDCA Actions"), and plaintiffs in the NDCA Actions, like Plaintiffs here, also filed motions on July 23, 2012 for consolidation, appointment of lead plaintiff and approval of lead counsel in the NDCA Actions (the "NDCA Plaintiffs' Motions").

On June 14, 2012, well before the filing of Plaintiffs' Motions and the NDCA Plaintiffs' Motions, Defendants filed a motion before the United States Judicial Panel on Multidistrict Litigation (the "MDL Panel") requesting MDL treatment of the above-captioned actions, the NDCA Actions and other actions related to the Facebook IPO pending in other federal district courts (collectively, the "Related Actions") (the "MDL Motion"). In view of the MDL Motion, Defendants respectfully submit that this Court should defer consideration of Plaintiffs' Motions until after the MDL Panel has decided the MDL Motion. It would waste this Court's resources to decide whether and how these cases should be consolidated before the MDL Motion is

resolved and the Related Actions are centralized before one federal district court.  In keeping with this position, Defendants have also urged that decision on the NDCA Plaintiffs' Motions similarly should be deferred.

With regard to the merits of Plaintiffs' Motions—when it is appropriate that they be addressed—Defendants support the position of those plaintiffs who seek consolidation of all proposed class actions asserting claims against various groups of Defendants and others arising from or relating to the Facebook IPO, whether the action asserts claims under the Securities Act of 1933 (the "Securities Act") or the Securities Exchange Act of 1934 (the "Exchange Act"). Defendants oppose the position of those plaintiffs who argue that the class actions asserting claims under Section 20A of the Exchange Act should not be consolidated with the class actions asserting claims under the Securities Act.  Both sets of claims are brought on behalf of a class of purchasers of Facebook IPO stock, are asserted against subsets of the same underwriters and rest on substantially the same factual allegations.  Allowing them to proceed separately, even on a coordinated basis, would permit improper claim-splitting and run an unnecessary risk of conflict between counsel prosecuting two necessarily competing claims on behalf of the same or substantially overlapping classes of plaintiffs.

Defendants take no position regarding the appointment of lead plaintiff and lead counsel.

## BACKGROUND

More than thirty lawsuits arising out of the Facebook IPO are pending before this Court. Seventeen of these actions assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act (the "Securities Act Actions") against various combinations of Facebook, certain of its senior executives and directors and the underwriters of the IPO.[1]  Plaintiffs in the Securities Act

---

[1] The Securities Act Actions are *Brian Roffe Profit Sharing Plan, et al. v. Facebook, Inc., et al.*, No. 12 Civ. 4081 (RWS) (filed May 23, 2012); *Twining v. Facebook, Inc., et al.*, No. 12

Actions purport to represent a class of all investors who purchased Facebook common stock pursuant or traceable to the offering documents filed in connection with the IPO. *See, e.g.*, Compl. ¶¶ 1, 11, *Brian Roffe Profit Sharing Plan, et al. v. Facebook, Inc., et al.*, No. 12 Civ. 4081 (RWS) ("Roffe Compl.").

In addition, two plaintiffs have filed actions asserting claims under Section 20A of the Exchange Act, based on allegations that the Lead Underwriter Defendants engaged in insider trading in connection with the Facebook IPO (the "Section 20A Actions").[2] Plaintiffs in the Section 20A Actions similarly purport to represent a class of investors who purchased Facebook stock in connection with the IPO. *See, e.g.*, Compl. ¶ 1, *Corneck v. Morgan Stanley & Co. LLC, et al.*, No. 12 Civ. 4215 (RWS) ("Corneck Compl.") ("This is a securities class action on behalf of all persons who purchased shares of Facebook Inc. . . . common stock pursuant to a registration statement and prospectus" filed in connection with the IPO).

---

Civ. 4099 (RWS) (filed May 23, 2012); *Goldrich Cousins P.C. 401(k) Profit Sharing Plan & Trust v. Facebook, Inc., et al.*, No. 12 Civ. 4131 (RWS) (filed May 23, 2012); *Braun v. Facebook, Inc., et al.*, No. 12 Civ. 4150 (RWS) (filed May 24, 2012); *Alexander, et al. v. Facebook, Inc., et al.*, No. 12 Civ. 4157 (RWS) (filed May 24, 2012); *Lightman v. Facebook, Inc., et al.*, No. 12 Civ. 4184 (RWS) (filed May 25, 2012); *Reichenbaum v. Facebook, Inc., et al.*, No. 12 Civ. 4194 (RWS) (May 25, 2012); *Lazard v. Facebook, Inc., et al.*, No. 12 Civ. 4252 (RWS) (filed May 30, 2012); *Gregorczyk v. Facebook, Inc., et al.*, No. 12 Civ. 4291 (RWS) (filed May 31, 2012); *Brinckerhoff v. Facebook, Inc., et al.*, No. 12 Civ. 4312 (RWS) (filed June 1, 2012); *Goldberg, et al. v. Facebook, Inc., et al.*, No. 12 Civ. 4332 (RWS) (filed June 1, 2012); *Eannarino v. Facebook, Inc., et al.*, No. 12 Civ. 4360 (RWS) (filed June 4, 2012); *Mamula v. Facebook, Inc., et al.*, No. 12 Civ. 4362 (RWS) (filed June 4, 2012); *Leitner v. Facebook, Inc., et al.*, No. 12 Civ. 4551 (RWS) (filed June 11, 2012); *Savitt v. Facebook, Inc., et al.*, No. 12 Civ. 4648 (RWS) (filed June 13, 2012); *Wise, et al. v. Facebook, Inc., et al.*, No. 12 Civ. 4777 (RWS) (filed June 19, 2012); and *Loomis, et al. v. Facebook, Inc., et al.*, No. 12 Civ. 5511 (RWS) (filed July 17, 2012).

[2] The Section 20A Actions are *Corneck v. Morgan Stanley & Co. LLC, et al.*, No. 12 Civ. 4215 (RWS) (filed May 25, 2012), and *Stricker v. Morgan Stanley & Co. LLC, et al.*, No. 12 Civ. 4763 (RWS) (filed June 18, 2012).

Also among the Related Actions before the Court are eleven actions brought against various NASDAQ entities, among others, based on allegations that trading problems and related conduct at NASDAQ caused IPO investors to suffer losses (the "NASDAQ Actions").[3] Like the plaintiffs in the Securities Act Actions and the Section 20A Actions, the plaintiffs in the NASDAQ Actions purport to represent a class of investors who purchased stock in connection with the IPO. *See, e.g.*, Am. Compl. ¶ 2, *Goldberg, et al. v. NASDAQ OMX Grp., Inc., et al.*, No. 12 Civ. 4054 (RWS) ("Goldberg Am. Compl.") ("This is a federal class action brought on behalf of all individuals or entities who made retail purchases of Facebook stock on May 18 and May 21, 2012 . . . .").

The Securities Act Actions, the Section 20A Actions and the NASDAQ Actions, along with the other Related Actions, are subject to the MDL Motion requesting transfer of all IPO-related lawsuits to this Court for coordination and/or consolidation. The MDL Panel will consider the MDL Motion at its next hearing on September 20, 2012.

On July 23, 2012, twelve plaintiffs or groups of plaintiffs filed motions in the Securities Act Actions and the Section 20A Actions pursuant to the Private Securities Litigation Reform Act ("PSLRA") seeking appointment as lead plaintiff and approval of their selection of lead

---

[3] The NASDAQ Actions are *Goldberg, et al. v. NASDAQ OMX Grp., Inc., et al.*, No. 12 Civ. 4054 (RWS) (filed May 22, 2012); *Yan v. NASDAQ OMX Grp., et al.*, No. 12 Civ. 4200 (RWS) (filed May 25, 2012); *Alfonso, et al. v. The NASDAQ Stock Market LLC, et al.*, No. 12 Civ. 4201 (RWS) (filed May 25, 2012); *Levy v. The NASDAQ Stock Market LLC, et al.*, No. 12 Civ. 4315 (RWS) (filed June 1, 2012); *Amin v. The NASDAQ Stock Market LLC, et al.*, No. 12 Civ. 4403 (RWS) (filed June 5, 2012); *Steinman v. NASDAQ OMX Grp., Inc., et al.*, No. 12 Civ. 4600 (RWS) (filed June 12, 2012); *Roderick v. NASDAQ OMX Grp., Inc., et al.*, No. 12 Civ. 4716 (RWS) (filed June 15, 2012); *Rivera v. Fidelity Invs., et al.*, No. 12 Civ. 5324 (RWS) (removed July 10, 2012); *McGinty v. NASDAQ OMX Grp., Inc., et al.*, No. 12 Civ. 5549 (RWS) (filed July 18, 2012); *First New York Sec. L.L.C., et al. v. NASDAQ OMX Grp., Inc., et al.*, No. 12 Civ. 5630 (filed July 23, 2012); and *Gura, et al. v. NASDAQ OMX Grp.*, No. 12 Civ. 5930 (removed Aug. 2, 2012).

counsel to prosecute the IPO-related cases on behalf of the putative class.[4] Nine of these motions also seek consolidation. Four such motions, including the filing by the plaintiff group with the largest alleged losses, seek consolidation of the Securities Act Actions with the Section 20A Actions. *See* Institutional Investor Group Mem. at 16-17.[5] Plaintiffs in the Section 20A Actions, by contrast, oppose consolidation with the Securities Act Actions. *See* Corneck Mem. at 4-6.[6]

Various plaintiffs in the NASDAQ Actions have likewise filed motions seeking consolidation of the NASDAQ Actions, appointment of lead plaintiff and approval of lead counsel. These plaintiffs have requested that the NASDAQ Actions "be consolidated separately" from the Securities Act Actions and the Section 20A Actions, although they acknowledge that the Court may later determine that coordination of discovery is appropriate. *See, e.g.*, Memorandum of Law in Support of the NASDAQ Claimant Group's Motion for Consolidation

---

[4] Alexander et al. Motion (*Brian Roffe Profit Sharing Plan* ("*Roffe*"), No. 12 Civ. 4081 (RWS), Dkt. Nos. 10-12); Anhood/Galvan Motion (*Roffe*, No. 12 Civ. 4081 (RWS), Dkt. Nos. 42, 44); Corneck/Stricker Motion (*Corneck*, No. 12 Civ. 4215 (RWS), Dkt. Nos. 6-8); Eiffel Tower Ventures, LLC et al. Motion (*Roffe*, No. 12 Civ. 4081 (RWS), Dkt. Nos. 39, 45, 47); Facebook Investor Group (Purohit et al.) Motion (*Roffe*, No. 12 Civ. 4081 (RWS), Dkt. Nos. 21-23); Facebook Investors Group (Doris et al.) Motion (*Roffe*, No. 12 Civ. 4081 (RWS), Dkt. Nos. 32-34); Goldberg/Hyms/Garrison Motion (*Goldberg*, No. 12 Civ. 4332 (RWS), Dkt. Nos. 10-12); Institutional Investor Group (First New York Securities L.L.C. et al.) Motion (*Roffe*, No. 12 Civ. 4081 (RWS), Dkt. Nos. 28-30); Institutional Investor Group (North Carolina Department of State Treasurer et al.) Motion (*Roffe*, No. 12 Civ. 4081 (RWS), Dkt. Nos. 40-41, 43); KBC/GERS Motion (*Roffe*, No. 12 Civ. 4081 (RWS), Dkt. Nos. 35-36, 48); Pond Motion (*Roffe*, No. 12 Civ. 4081 (RWS), Dkt. Nos. 18-20); Spatz/Israni Motion (*Roffe*, No. 12 Civ. 4081 (RWS), Dkt. Nos. 15-17).

[5] References to "Institutional Investor Mem." are to the Memorandum of Law in Support of the Motion of the Institutional Investor Group for Appointment as Lead Plaintiff, Approval of Its Selection of Co-Lead Counsel, and Consolidation of All Related Actions, filed in *Roffe*, No. 12 Civ. 4081 (RWS) (Dkt. No. 41).

[6] References to "Corneck Mem." are to the Memorandum of Law in Support of Motion for Coordination, Consolidation, Appointment of Lead Plaintiff, and Approval of Selection of Co-Lead Counsel, filed in *Corneck,* No. 12 Civ. 4215 (RWS) (Dkt. No. 7).

5

of the NASDAQ Actions, at 5, *Goldberg, et al. v. NASDAQ OMX Grp., Inc., et al.*, No. 12 Civ. 4054 (Dkt. No. 36).

## ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure permits consolidation of actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate is entrusted to the sound discretion of the Court. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Although the Court "must balance the gains in judicial efficiency with any threats of prejudice and confusion," *In re Gen. Elec. Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *2 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted), courts "have taken the view that considerations of judicial economy favor consolidation," *Johnson*, 899 F.2d at 1285. "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502, at *2 (internal quotation marks omitted).

### A.     The Court Should Defer Decision on Plaintiffs' Motions

Defendants respectfully submit that decision on the motions to consolidate should be deferred pending a decision by the MDL Panel and transfer of the Related Actions to a single federal district court. If the MDL Panel transfers all IPO-related actions to this Court, as Defendants have requested, this Court will have to revisit whether and how to consolidate the various cases filed in other courts with the Securities Act and Section 20A Actions. If, on the other hand, the MDL Panel orders transfer of the Related Actions to a forum other than this Court, any prior determination by this Court regarding consolidation will have been a waste of its resources, and of little benefit to the transferee court, which will need to revisit the question of

consolidation of the transferred actions with the other Related Actions. Courts have repeatedly recognized that it is appropriate to defer such decisions until after the MDL Panel rules on pending transfer motions. *See, e.g.*, *Chacanaca v. Quaker Oats Co.*, No. 10 Civ. 0502, 2011 WL 441324, at *2 (N.D. Cal. Feb. 3, 2011) ("In light of the motion pending before the MDL panel, it would be premature to grant either [plaintiff's] motion for consolidation or his motion to appoint interim class counsel."); *cf. Deangelis v. Corzine*, No. 11 Civ. 7866 (VM), 2012 WL 1948847, at *1 (S.D.N.Y. May 21, 2012) (reflecting court's deferral of consideration of lead plaintiff motions pending decision by MDL Panel).

Defendants similarly believe that decisions concerning whether and how to consolidate the NASDAQ Actions should be deferred as well pending decision by the MDL Panel. And in any event, this Court need not decide at this time whether or not the NASDAQ Actions should be consolidated with the Securities Act Actions and the Section 20A Actions, because no party is now seeking such consolidation—which may be warranted at a later time, given that these actions all assert claims on behalf of investors who purchased Facebook stock in connection with the IPO, and they share significant common factual and legal issues, in particular with regard to causation and damages. Plaintiffs in the NASDAQ Actions assert that their losses were the result of NASDAQ's conduct (*see, e.g.*, Goldberg Am. Compl. ¶ 19 ("After trading began, NASDAQ's continued negligence manifested itself in quotation problems and reporting problems, which had a *proximate adverse impact* on the price of Facebook stock." (emphasis added)); *id.* ¶¶ 10, 12, 88), and Defendants may well defend the claims against them in the Securities Act and Section 20A Actions at least in part on the same basis.[7] At this time,

---

[7] *See* Defendants' Brief in Support of Their Motion to Transfer Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated and/or Consolidated Pretrial Proceedings, at 3-4, 12-15, *In Re Facebook, Inc. IPO Sec. & Derivative Litig.*, MDL No. 2389

7

however, there is no need for this Court to decide whether consolidation or coordination of the NASDAQ Actions with the Securities Act and Section 20A Actions is the more appropriate course. *See In re Caesars Palace Sec. Litig.*, 360 F. Supp. 366, 375 (S.D.N.Y. 1973) ("[I]n the exercise of our discretion, we will . . . decline to pass upon consolidation until further discovery has been completed and the true issues have been further clarified to our satisfaction.").

Given that the MDL Panel has scheduled argument on the MDL Motion for its next hearing on September 20, 2012, no party will be prejudiced by any short delay in resolving these consolidation motions. Moreover, because the PSLRA requires a court to rule on consolidation before appointing a lead plaintiff, *see* 15 U.S.C. §§ 77z-1(a)(3)(B)(ii), 78u-4(a)(3)(B)(ii), deferring decision on the consolidation motions will relieve this Court of any statutory obligation to decide the motions to appoint lead plaintiff prior to the MDL Panel's decision.

### B. At the Appropriate Time, the Securities Act Actions Should Be Consolidated with the Section 20A Actions

At such time as the Court considers the pending motions, Defendants respectfully submit that this Court should grant the motions of plaintiffs seeking to consolidate the Securities Act Actions and the Section 20A Actions. The Securities Act Actions and the Section 20A Actions both assert claims on behalf of a class of investors who purchased Facebook stock in connection with the Facebook IPO; the three underwriter defendants in the Section 20A Actions are defendants in the Securities Act Actions, and both sets of actions rest on many of the same alleged underlying facts. These substantial similarities warrant consolidation. *See In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502, at *2-3 (consolidating seven securities class actions

---

(Dkt. No. 1) (detailing overlapping issues and defenses); Defendants' Reply Brief in Further Support of Their Motion to Transfer Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated and/or Consolidated Pretrial Proceedings, at 3-4, 10-15, *In Re Facebook, Inc. IPO Sec. & Derivative Litig.*, MDL No. 2389 (Dkt. No. 69) (same).

asserting different claims under the Securities Act and Exchange Act where there was "substantial overlap in the complaints" and consolidation was "the most efficient course"); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (Sweet, J.) (consolidating securities class actions seeking relief on behalf of similar classes based on the same series of events); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151 (N.D. Cal. 1999) (same).

The Section 20A Plaintiffs contend that consolidation with the Securities Act Actions is inappropriate because the Section 20A claim has distinct elements and requires proof of facts not at issue in the Securities Act Actions. *See* Corneck Mem. at 4. But these fine distinctions are present whenever a different legal claim is asserted and do not weigh against consolidation given the overwhelming overlap of the underlying factual allegations regarding the Facebook IPO that are the basis for both sets of claims. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02 Civ. 1200, 2002 WL 32818827, at *2-3 (N.D. Cal. Aug. 19, 2002) (ordering consolidation in large part because claims were "based on the same alleged course of conduct," which outweighed plaintiff's claim that "differences in the pleading and evidentiary burdens associated with the 1933 Act and 1934 Act claims are sufficient to avoid consolidation"); *McKesson HBOC, Inc.*, 79 F. Supp. 2d at 1151 (consolidating multiple class actions over competing plaintiffs' objections because factual similarity of claims outweighed any conflict arising from their "different pleading standards"); *see also In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502, at *3. Here, for example, the Securities Act Actions and the Section 20A Actions both allege that Facebook altered its internal projections due to a "severe and pronounced reduction in revenue growth" resulting from increased mobile device use, that Facebook discussed these revised internal projections with the underwriter defendants and that the underwriter defendants, in turn, revised their estimates for

9

Facebook's performance and shared those revised estimates with certain "preferred" investors. *Compare, e.g.*, Roffe Compl. ¶¶ 24, 26, *with, e.g.*, Corneck Compl. ¶¶ 15-17. This very substantial overlap in the alleged underlying basis for the claims makes consolidation of these cases appropriate. *See* Institutional Investor Mem. at 16-17 (noting that both sets of actions "are based on the same facts and involve the same subject" and "similar legal claims").[8]

Moreover, plaintiffs in both the Securities Act Actions and the Section 20A Actions purport to assert claims on behalf of a class of investors who purchased Facebook stock in connection with the Facebook IPO. *Compare, e.g.*, Roffe Compl. ¶ 11 (class action on behalf of all persons "who purchased the common stock of Facebook pursuant and/or traceable to the Company's IPO") *with, e.g.*, Corneck Compl. ¶ 1 (class action on behalf of all persons "who purchased shares of Facebook Inc. . . . common stock pursuant to a registration statement and prospectus" for the IPO). This identity—or at least very substantial overlap—of the proposed plaintiff classes strongly counsels in favor of consolidation. *See* Institutional Investor Mem. at 16-17 (noting that "similar class certification issues will be relevant to these actions"). Indeed, separately litigating these two claims, both asserted against the same Lead Underwriter Defendants, would amount to improper claim-splitting and inject the risk of competition between counsel representing plaintiffs in each action, because a resolution of either would preclude further litigation by the same plaintiff class on the other, competing claim. *See Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 110 (2d Cir. 2000) (explaining the "well-established rule that a plaintiff cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based

---

[8] The Section 20A Plaintiffs argue that they, unlike the Securities Act Plaintiffs, "do not allege either a material misstatement or material omission in either the Registration Statement or the Prospectus." Corneck Mem. at 4-5. That difference in their allegations supplies no reason against consolidation. And even if there were material distinctions, consolidation would still be appropriate lest plaintiffs whipsaw the Court and Defendants by simultaneously asserting conflicting theories on behalf of the same or nearly identical plaintiff classes.

on different legal theories (with different evidence 'necessary' to each suit)"); *see also Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2004) ("Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." (internal quotation marks omitted)).  The only way to avoid such potential conflicts is to consolidate the cases and have one lead plaintiff represent the putative class.  *See McKesson HBOC, Inc.*, 79 F. Supp. 2d at 1151 (noting the PSLRA's presumption that "one lead plaintiff can vigorously pursue *all* available causes of action against *all* possible defendants under *all* available legal theories.").

      The Section 20A Plaintiffs acknowledge this potential for conflict, but mistakenly argue that it supports their position that the Section 20A Actions should be litigated separately, when the opposite is true.  Their concern that the two sets of actions may be trial-ready on a different schedule, *see* Corneck Mem. at 5, only underscores the need for consolidation to avoid competition between the two claims.  Their speculation that the Section 20A Defendants may lack sufficient funds to satisfy all claims would, if true, only exacerbate that problem of competitive proceedings on behalf of the same or substantially identical classes of plaintiffs.

11

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court defer deciding Plaintiffs' Motions until after a decision by the MDL Panel.  When a decision on the motions is appropriate, Defendants respectfully submit that the Court should grant the motion of plaintiffs seeking to consolidate the Securities Act Actions and the Section 20A Actions.

Dated:   New York, New York
        August 9, 2012

        DAVIS POLK & WARDWELL LLP

By:   /s/ James P. Rouhandeh

James P. Rouhandeh
Charles S. Duggan
Andrew Ditchfield

450 Lexington Avenue
New York, New York 10017
Telephone:   (212) 450-4000
Facsimile:   (212) 701-5800

*Attorneys for Defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and Goldman, Sachs & Co.*

                        KIRKLAND & ELLIS LLP

              By: /s/ Andrew B. Clubok

                   Andrew B. Clubok
                   Brant W. Bishop, P.C.

                   601 Lexington Avenue
                   New York, NY 10022
                   Telephone: (212) 446-4800
                   Facsimile: (212) 446-4900

<u>Of Counsel</u>                   Todd Cosenza
Richard D. Bernstein        WILLKIE FARR & GALLAGHER LLP
WILLKIE FARR &          787 Seventh Avenue
   GALLAGHER LLP       New York, N.Y. 10019-6099, U.S.A.
1875 K Street, N.W.         Telephone: (212) 728-8000
Washington, D.C. 20006-1238  Facsimile: (212) 728-8111
Telephone: (202) 303-1000
Facsimile: (202) 303-2000      *Attorneys for (to the extent named in the above-captioned actions) Facebook, Inc., Mark Zuckerberg, David A. Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings, and Peter A. Thiel*